CONRAD V. NORMAN, Appellant, v. CITY ISLAND BEACH CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, January 15, 1926.

Civil rights — action to recover penalty for violation of Civil Rights Law, §§ 40 and 41, by reason of refusal to admit negro to bathing establishment — plaintiff tendered money for tickets but defendant's agent refused to sell on ground of race — agent's conduct chargeable to corporation — judgment for defendant against weight of evidence.

A judgment dismissing plaintiff's complaint in an action to recover a penalty under sections 40 and 41 of the Civil Rights Law by reason of defendant's refusal to admit plaintiff, a negro, to its bathing establishment, should be reversed, where it appears that plaintiff, a man of education and standing in the community, a college graduate and a teacher in the public schools for more than twenty years, upon tendering money for tickets to defendant's establishment was refused admission because of his color. A finding for the defendant that the ticket seller was acting contrary to instructions in turning defendant away on account of his race, is against the weight of the evidence, since the proof shows that nothing ever was said to her as to refusing admission to persons of color.

APPEAL by the plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Seventh District, dismissing his complaint after trial.

*James S. Watson*, for the appellant.

*Kade, Van Kirk & Reynolds* [*J. Philip Van Kirk* of counsel], for the respondent.

LEVY, J. This is an action to recover a penalty under sections 40 and 41 of the Civil Rights Law (as amd. by Laws of 1918, chap. 196). The plaintiff is a colored man of education and standing in the community, a graduate of the College of the City of New York, a post-graduate student of Columbia University and a teacher in the public schools for over twenty years. On July 13, 1924, at about one P. M., accompanied by six of his students, all of the white race, he visited the bathing establishment of defendant conducted at City Island in order to take advantage of the bath house accommodations. One of the group, according to the testimony introduced by plaintiff, first applied for tickets and was asked by the cashier, Mrs. Schaefer, whether " that colored boy " was in his party. Upon being told that he was, she refused to sell him the tickets on the ground that it was against orders. Plaintiff himself then went to the booth and tendered five dollars for tickets. Upon being refused he asked whether it was because of his color, and she replied, " Well, yes." Upon being told that she was violating the

provisions of the Civil Rights Law, she then based her refusal upon the alleged ground that he was not a member of the club.

The evidence presented by the president of the establishment was that there were accommodations for about 1,500; that members of the City Island Swimming Club rented lockers, but not more than 60 of them used the baths at a time. It would seem to follow that there must have been a large number of bath houses available for the general public. The testimony of Mrs. Schaefer, therefore, that she refused to sell the tickets because there was no more room except for club members is a tax upon one's credulity.

The only question remaining is, whether the cashier was acting contrary to instructions in turning away the plaintiff on account of his race. While the president testified that the instructions were that no one was to be discriminated against, the cashier's testimony was that nothing was ever said to her about refusing admission to any person of the colored race or as to discrimination against such race by an officer in charge of the company or by any person whatever. If that is true her conduct as acting manager at the time is chargeable to the corporation.

Judgment reversed as against the weight of the evidence and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, Bijur, Levy and Churchill, JJ.